| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>811259<br>PHELAN HALLINAN DIAMOND & JONES, PC<br>1617 JFK Boulevard, Suite 1400<br>Philadelphia, PA 19103<br>856-813-5500<br>Attorneys for Fay Servicing, LLC | |
| In Re:<br><br>WILLIE J. CHEATHAM | Order Filed on February 8, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey<br><br>Case No: 17-28308 - SLM<br><br>Hearing Date: January 24, 2019<br><br>Judge: STACEY L. MEISEL |

Recommended Local Form:    ☒ Followed    ☐ Modified

**ORDER RESOLVING MOTION TO VACATE STAY AND/OR MOTION TO DISMISS WITH CONDITIONS**

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: February 8, 2019**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

| | |
|---|---|
| Applicant: | Fay Servicing, LLC |
| Applicant's Counsel: | Phelan Hallinan Diamond & Jones, PC |
| Debtor's Counsel: | RUSSELL L. LOW, Esquire |
| Property Involved ("Collateral"): | 1172 KATHERINE STREET, TEANECK, NJ 07666 |

Relief sought:  ☒ Motion for relief from the automatic stay

☐ Motion to dismiss

☐ Motion for prospective relief to prevent imposition of automatic stay against the collateral by debtor's future bankruptcy filings

For good cause shown, it is **ORDERED** that Applicant's Motion is resolved, subject to the following conditions:

1. The Loan was transferred from Wells Fargo Bank, N.A. to Fay Servicing by transfer of claim docketed on December 31, 2018 (See, Docket Entry #75).

2. Previously, on October 3, 2018, a similar Order allowing for a loan modification review was entered on behalf of Wells Fargo Bank, N.A. (See, Docket Entry #70). The Order was breached and no loan modification review was ever conducted.

3. Fay Servicing, LLC will allow the Debtor a second and final opportunity to be reviewed for a Loan Modification.

4. The full and complete package must be uploaded to the DMM portal on or prior to February 25, 2019 with no exceptions or extensions. If Debtor fails to comply with this paragraph then loss mitigation will immediately self-terminate on February 25, 2019.

5. If the Debtor fails to comply by February 25, 2019, Fay Servicing, LLC may immediately re-list the Motion for Relief.

6. Contingent on compliance with paragraph 4, Loss Mitigation period is hereby extended to March 25, 2019 with no extensions with the only exception that if the documents are pending a decision by Fay Servicing, LLC and not yet rendered.

7. If a loan modification is not offered by March 25, 2019, the Debtor must either:

    a. Modify the Chapter 13 Plan to fully cure the secured Creditor's post-petition arrearages claim as defined by Proof of Claim 1-1 filed October 19, 2017; or

    b. Surrender the subject property; or

    c. Convert case to a Chapter 7 case.

8. If a loan modification is not secured by Debtor on or before March 25, 2019, Secured Creditor may proceed with a Motion for Relief with no further delays caused by Debtor's re-entry or participation in the Court's Loss Mitigation Program.

9. The instant Order does not replace rules and procedures of the Court's Loss Mitigation Program and both parties are bound by same.

10. This Order shall be incorporated in and become a part of any Order Confirming Plan in the herein matter.

11. Both parties agree that this will be the final extension of the loss mitigation in the underlying bankruptcy case where no further Orders for Loss Mitigation can be permitted.